The People *ex rel.* Hatzel agt. Hall.

---

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* HATZEL agt. GEORGE HALL.

*Right of the board of aldermen to judge of the election of its own members—Courts no power to pass upon the question of title to office.*

Prior to 1873 the charter of the city of New York provided that each board of the common council should "be the judge of the election returns and qualifications of its own members" (*Laws of* 1857, *vol.* 1, *page* 875):

*Held*, that the decision of the board of aldermen in such cases could not be reversed or set aside by the court.

*Held*, further, that the change in the phraseology of the charter of 1873 does not give to the court the power, in an action in the nature of a *quo warranto*, to pass upon the question of title to the office of alderman where the board has declared in favor of such right.

The charter makes the judgment of the board the subject of review by any court of competent jurisdiction, or, in other words, it permits an appeal to a court of competent jurisdiction from the judgment of the board. But the judgment of the board cannot be reviewed in an action to which the board is not a party, and in which the record of that board is not before the court.

It is the office of the writ of *certiorari* to correct errors of a judicial character committed by an inferior tribunal or body, and that writ brings the record before the court for examination and review, and such writ should be returnable before the general term. In cases of this kind a

circuit judge, in a circuit court, cannot sit as an appellate tribunal to review the judgment and decision of an inferior tribunal.

*New York Circuit, October,* 1879.

THE facts sufficiently appear in the opinion.

*A. Schoonmaker, Jr.,* attorney-general.

*L. C. Waehner,* for plaintiff.

*A. H. Purdy,* for defendant.

LAWRENCE, *J.* — I have considered the motion which was pending when the court adjourned yesterday, to dismiss the complaint in this case, and I am prepared now to briefly state the conclusions at which I have arrived. The complaint alleges that on the 5th day of November, 1878, an election was duly held in the city of New York for the office of alderman for the sixth senate district in said city.

That on said day, and for several years prior thereto, the above-named plaintiff, Jacob A. Hatzel, was a citizen of the United States, and of the state of New York, and resided in said senate district.

That at said election the said plaintiff and the above-named defendant, and one Bernard Kenney, and one Joseph P. Strack, were candidates for election to said office.

That the said Bernard Kenney received 12,608 votes; said Strack, 12,415, and said defendant received 8,965 votes, and said plaintiff received 8,993 legal votes for said office.

That subsequently, and on or about the 6th day of January, 1879, the said plaintiff, Jacob A. Hatzel, presented his petition for, and demanded, a seat in the board of aldermen of the city of New York. That such proceedings were had in and by said board; that on or about the 20th day of May, 1879, the said board resolved and declared that said defendant was entitled to a seat in said board, and that said plaintiff, Jacob A. Hatzel, was not entitled to a seat in said board.

That on the 1st day of January, 1879, the said defendant

usurped the said office, and has ever since usurped and with-held the same from said plaintiff.

Wherefore the plaintiff demands judgment that the defend-ant is not entitled to said office, and that he be ousted there-from, and that the said Jacob A. Hatzel is entitled to, and to be put into, possession of the same, with costs.

The answer of the defendant admits the first, third and fifth division of the complaint, and admits that Bernard Ken-ney and Joseph P. Strack received the number of votes set forth in the complaint, and denies each and every other allega-tion in the complaint.

For a further defense the defendant alleges : That prior to the commencement of this action, in a proceeding commenced on or about the 6th day of January, 1879, by the said Jacob A. Hatzel, before the board of aldermen of the city of New York, against this defendant, for the purpose of ousting this defendant from his position as one of the aldermen of the city of New York, upon the same facts as set forth in the com-plaint, a trial was duly had before said board of aldermen, and that thereupon, and upon the said trial, the said Jacob A. Hatzel was duly represented by counsel, and defendant also represented by counsel, and that the said board of aldermen acquired jurisdiction of said proceeding, and thereafter, on or about the 20th of May, 1879, said board of aldermen duly adjudged and decreed that this defendant was duly elected a member of said board of aldermen, and that the said Jacob A. Hatzel was not elected, and this defendant sets up said decision and judgment and decree as a bar and defense to this action. The rest of the answer it is not necessary for me to state.

Prior to 1873, the charter provided that each board of the common council should " be the judge of the election returns and qualifications of its own members " (*Laws of* 1857, *vol.* 1, *p.* 875).

This provision is identical with the language of the tenth section of the third article of the Constitution of this state in respect to the powers of the senate and assembly, and, also,

of the fifth section of the first article of the Constitution of the United States prescribing the powers of congress on the subject of the election and qualifications of its members.

The power confided by the provisions above referred to to congress and the legislature, is of a judicial character. In respect to that I will refer, although it is hardly necessary, to 1 *Kent's Commentaries, page* 243 (11*th ed.*). And from the decision of congress or of the legislature, in the case of a contested seat, there is no appeal, nor does an action, in the nature of a *quo warranto,* lie to test the title of the sitting member, or either of these members, to the office. As the language of the charter, prior to 1873, is the same as that employed in the Constitution of the United States and of this State, it would appear to be clear that the decision of the board of aldermen in such cases could not be reversed or set aside by the court; and such I understand to have been the opinion of this court in the case of *McVeany* agt. *The Mayor, &c., of New York* (1 *Hun, p.* 37). The charter of 1873 provides that the board of aldermen shall " be the judge of the election returns and qualifications of its own members, subject, however, to the review of any court of competent jurisdiction."

It is claimed that this change in the phraseology of the charter gives to this court the power, in an action in the nature of a *quo warranto,* to pass upon the question of the title of the relator to the office of alderman, notwithstanding the fact that the board has declared in favor of the right of the defendant. I do not concur in this view. The charter makes the judgment of the board the subject of review by any court of competent jurisdiction, or, in other words, it permits an appeal to a court of competent jurisdiction from the judgment of the board; and, as has been already stated, the board, in determining between the rival claimants, acts judicially. This action is not an appeal from the judgment of the board of aldermen, and the members of that board are not made parties defendants. It cannot be said that the judgment of the inferior tribunal can be reviewed in an action to which

The People *ex rel.* Hatzel agt. Hall.

the board is not a party, and in which the record of that board is not before the court.

It is the office of the writ of *certiorari* to correct errors of a judicial character committed by an inferior tribunal or body, and that writ brings the record before the court for examination and review. The general term, in the recent case of *The People* agt. *Nichols* (18 Hun, 533), has decided that such a writ should be returnable before the general term, and that decision entirely negatives the idea that in cases of this kind a circuit judge, in the circuit court, can sit as an appellate tribunal to review the judgment and decision of an inferior tribunal.

It was urged on the argument that as the granting of the common law writ of *certiorari* is discretionary, the construction which I have given to the charter of 1873 cannot be sound because the relator would not have an absolute right to the writ, and that the statute contemplates a review of the proceedings of the aldermen in all cases in which such review may be demanded. The answer to this position seems to be:

1st. That if the meaning of the charter is that a party who has been refused a seat by the board of aldermen is absolutely entitled to review the proceedings of the board, and a *certiorari* is the appropriate writ to obtain such review, the writ is statutory and the court would be bound to grant it.

2d. If the right to the writ is not absolute under the statute, it must be inferred that the court will exercise its discretion wisely and properly, and will not refuse to grant the writ in any case in which it is shown that the relator is entitled to it.

I think, therefore, that the defendant's motion to dismiss the complaint should be granted. As this is an important question, and as I wish to give the plaintiffs every opportunity to review my decision, I direct that the exception taken to this ruling shall be heard in the first instance at the general term, which will enable the relator to bring his case very speedily before that tribunal.

NOTE. — On appeal to the general term the exceptions were overruled, and judgment was ordered on opinion of LAWRENCE, J. [ED.